# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERON SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-680-JWD-EWD** |
| **PATRICK PIERCE ET AL.** | |

## **ORDER**

Before the Court is a Notice of Removal filed by defendants, Patrick Pierce, AT&T Corp. ("AT&T") and Old Republic Insurance Company ("Old Republic") (collectively, "Defendants").[1] Defendants removed this matter from state court on September 25, 2017, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] The Notice of Removal makes the following allegations regarding the citizenship of the parties:

> II.
> On information and belief, Plaintiff was at the time of the filing of this action and remains a resident and domiciliary of St. John the Baptist Parish, Louisiana.
> III.
> Defendant, Patrick Pierce, was at the time of the filing of this action and remains a resident and domiciliary of Natchez, Mississippi.
> IV.
> AT&T was at the time of filing of this action and remains a foreign corporation domiciled in Dallas, Texas and has its principal place of business in Dallas, Texas.
> V.
> Old Republic Insurance Company ("Old Republic") was at the time of the filing of this action and remains a foreign corporation

---

[1] R. Doc. 1.
[2] *Id.* at ¶ XI.

domiciled in Pennsylvania and also has its principal place of business in that state.[3]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. In the Notice of Removal, citizenship has not been adequately alleged. Although citizenship has been adequately alleged with respect to Deron Smith and Patrick Pierce,[4] the citizenship of defendants AT&T and Old Republic has not been adequately alleged. The Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall have seven (7) days from the date of this Order to file a comprehensive amended Notice of Removal without further leave of Court properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over the case.

Signed in Baton Rouge, Louisiana, on September 26, 2017.

							**ERIN WILDER-DOOMES**
							**UNITED STATES MAGISTRATE JUDGE**

---

[3] R. Doc. 1 at ¶¶ II-V.
[4] With respect to Deron Smith and Patrick Pierce, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).